OPINION
{¶ 1} Appellant, Ironton Medical Rehab, Inc. ("Ironton"), appeals from a judgment of the Franklin County Court of Common Pleas affirming an adjudication order of appellee, the Ohio Department of Job and Family Services ("ODJFS"), which required Ironton to return certain Medicaid overpayments to ODJFS. For the following reasons, we affirm. *Page 2 
 {¶ 2} On May 29, 2003, ODJFS requested that the Auditor of State ("AOS") audit a number of Medicaid providers, including Ironton. In response, AOS reviewed whether the claims Ironton made for reimbursement of medical services complied with Medicaid rules. AOS only examined claims for which Ironton rendered services and received payment during the period of July 1, 2000 through June 30, 2003.
 {¶ 3} Initially, AOS identified six systemic billing anomalies. Most significantly, Ironton received $174,505.98 in Medicaid reimbursements for physical therapy services that were provided by an unlicensed individual. Relying upon Ohio Adm. Code 5101:3-8-02, AOS found that Medicaid did not cover such services. Together with the other overpayments found in the audit, AOS determined that, in sum, Ironton owed ODJFS $223,251.47.
 {¶ 4} In an August 18, 2005 letter, ODJFS notified Ironton that it planned to enter an adjudication order requiring Ironton to repay ODJFS $223,251.47, plus interest. Ironton requested an adjudicatory hearing, which occurred on November 28, 2005. At the beginning of that hearing, the parties stipulated that Ironton owed ODJFS $47,540.49 for overpayments related to non-physical-therapy services. In exchange for the stipulation, ODJFS agreed to waive its right to interest on that amount.
 {¶ 5} ODJFS then presented the testimony of William Bevans, the Ironton employee who provided the physical therapy services for which Ironton billed ODJFS. Bevans testified that he was an exercise physiologist, and not a licensed physician, physical therapist, or physical therapist assistant. While he worked at Ironton, Bevans would receive physician referrals that indicated the type of treatment needed, i.e., progressive resistive exercises, use of isotonic weight machines, or a stretching program. *Page 3 
Bevans would then complete an "Initial Rehab Evaluation," which included his assessment of the patient's abilities and specific therapeutic exercises for the patient to perform. Bevans would also instruct and supervise the patients during their exercise sessions and maintain notes on their progress.
 {¶ 6} Christina Helm, Program Manager for the Fraud, Waste, and Abuse Prevention Division of AOS, testified that Ironton billed Medicaid for the services that Bevans provided under a series of physical therapy "CPT" codes. "CPT" stands for common procedure terminology, and a CPT code is assigned to each commonly performed physical therapy service. Through the use of the physical therapy CPT codes, Ironton billed ODJFS for initial physical therapy evaluations (CPT code 97001), physical performance tests (CPT code 97750), and therapeutic exercise (CPT code 97110), along with other physical therapy services.
 {¶ 7} On April 7, 2006, the hearing examiner issued a report and recommendation finding, in part, that the administrative rules governing Medicaid reimbursement did not allow payment for physical therapy services rendered by an unlicensed individual. Therefore, the hearing examiner recommended that ODJFS require Ironton to repay the Medicaid reimbursement it received.
 {¶ 8} The Director of ODJFS ("Director") adopted the hearing examiner's report and recommendation, albeit with two minor corrections. On October 10, 2006, the Director issued an adjudication order requiring Ironton to pay $174,505.98 plus interest (for the improperly billed physical therapy services) and $47,540.49 without interest (for all other improperly billed services). *Page 4 
 {¶ 9} Ironton appealed the Director's adjudication order to the trial court pursuant to R.C. 119.12. On May 18, 2007, the trial court issued a judgment finding that the Director's adjudication order was supported by reliable, probative, and substantial evidence, and that it was in accordance with law. Consequently, the trial court affirmed the adjudication order.
 {¶ 10} Ironton now appeals from the trial court's judgment and assigns the following errors:
 [1] THE TRIAL COURT ABUSED ITS DISCRETION IN AFFIRMING THE ADJUDICATION ORDER OF THE DIRECTOR OF THE OHIO DEPARTMENT OF JOBS AND FAMILY SERVICES.
 [2] THE TRIAL COURT ERRED IN DETERMING ODJFS HAS NOT BEEN UNJUSTLY ENRICHED AS A RESULT OF THE SERVICES PROVIDED BY IRONTON.
 {¶ 11} By its first assignment of error, Ironton argues that the record does not contain the reliable, probative, and substantial evidence necessary to support the adjudication order. We disagree.
 {¶ 12} Pursuant to R.C. 119.12, when a trial court reviews an order of an administrative agency, it must consider the entire record to determine if the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. To be "reliable," evidence must be dependable and true within a reasonable probability.Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571. To be "probative," evidence must be relevant, or, in other words, tend to prove the issue in question. Id. To be "substantial," evidence must have importance and value. Id.
 {¶ 13} An appellate court's review of the evidence is more limited than a trial court's. Instead of appraising the weight of the evidence, an appellate court determines *Page 5 
whether the trial court abused its discretion, i.e., whether the trial court's attitude was unreasonable, arbitrary, or unconscionable.Leslie v. Ohio Dept. of Dev., 171 Ohio App.3d 55, 2007-Ohio-1170, at ¶ 44, quoting Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent such an abuse of discretion, an appellate court must affirm the trial court's judgment, even if the appellate court would have arrived at a different conclusion than the trial court. Lorain City School Dist.Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261.
 {¶ 14} Pursuant to Ohio Adm. Code 5101:3-8-02(D), a clinic such as Ironton may receive Medicaid reimbursement for "physical therapy and rehabilitation services."[1] Ohio Adm. Code 5101:3-8-02(A) defines "physical therapy and rehabilitation services" as "covered therapeutic modalities and/or procedures prescribed by a physician which require the skilled services of a licensed professional to restore a patient's loss of function through therapy." Construed together, these two provisions allow a Medicaid provider to receive reimbursement for physical therapy prescribed by a physician and rendered by a licensed professional.
 {¶ 15} In the case at bar, Ironton does not dispute that it billed ODJFS for "physical therapy and rehabilitation services" that Bevans provided to Medicaid patients. Bevans, however, is not a licensed professional. Consequently, pursuant to Ohio Adm. Code 5101:3-8-02, Ironton could not bill ODJFS for the services Bevans provided.
 {¶ 16} Precluded from reimbursement under Ohio Adm. Code 5101:3-8-02, Ironton next relies upon Ohio Adm. Code 5101:3-4-02 as a basis for reimbursement. Under that *Page 6 
rule, ODJFS must reimburse a Medicaid provider "for covered physician services personally provided * * * by a nonphysician (e.g., nurse, etc.) under the direct supervision of the physician * * *." Ohio Adm. Code5101:3-4-02(B)(1). However, that rule also mandates that "the services rendered must be within the nonphysician's scope of licensure (if licensure is required) or a service for which the nonphysician is legally authorized to provide under Ohio law * * *." Ohio Adm. Code5101:3-4-02(D).
 {¶ 17} Again, as we stated above, the services at issue are physical therapy services. According to Ohio law, physical therapy encompasses "the evaluation and treatment of a person by physical measures and the use of therapeutic exercises and rehabilitative procedures, with or without assistive devices, for the purpose of preventing, correcting, or alleviating any disability." R.C. 4755.40(A). Only a licensed individual may practice physical therapy. R.C. 4755.48(B). Bevans acknowledged that he instructed and assisted patients in therapeutic exercises to remedy their injuries. Bevans also acknowledged that he was not a licensed physical therapist or physical therapist assistant. Thus, reliable, probative, and substantial evidence establishes that Bevans was performing physical therapy in contravention to Ohio law. Because Bevans was not licensed or otherwise authorized to perform physical therapy services, Ironton could not bill ODJFS for those services under Ohio Adm. Code 5101:3-4-02.
 {¶ 18} Without a basis on which to seek reimbursement for physical therapy services, Ironton attacks AOS' audit procedure, claiming that it was statistically deficient. Ironton argues that AOS erred in using statistical analysis to determine the overpayment amounts for the physical therapy services. AOS, however, did not extrapolate an overpayment amount for the physical therapy services through a statistical analysis. In its *Page 7 
final report, AOS identified $1,197 in estimated overpayments based upon its statistical analysis of the services sample. However, AOS removed all claims for physical therapy services from the sample before performing its statistical analysis. Thus, statistical analysis played no part in AOS' determination that Ironton owed ODJFS $174,505.98 — the total amount that Ironton had billed and received in payment for physical therapy services.
 {¶ 19} Based upon the above discussion, we conclude that reliable, probative, and substantial evidence supports the adjudication order, and we overrule Ironton's first assignment of error.
 {¶ 20} By Ironton's second assignment of error, it argues that the unjust nature of the Director's adjudication order warrants its reversal. Fair or not, "Medicaid reimbursement is not available for non-covered services." Ohio Adm. Code 5101:3-1-60(B). Medicaid does not cover the physical therapy services Bevans provided, and thus, Ironton could not receive reimbursement for them. Furthermore, the role of the trial court is to determine whether an administrative agency's order is in accordance with law, not to reweigh the equities informing the agency's decision. R.C. 119.12. As the Director's adjudication order is in accordance with law, the trial court properly affirmed it. Accordingly, we overrule Ironton's second assignment of error.
 {¶ 21} For the foregoing reasons, we overrule Ironton's assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER, P.J., and BRYANT, J., concur.
[1] Ohio Adm. Code 5101:3-8-02(D) requires Medicaid providers to meet certain conditions before they may receive reimbursement for "physical therapy and rehabilitation services." Because these conditions are not relevant to our analysis, we do not address them. *Page 1